IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERIC SONNTAG,<br><br>    Plaintiff,<br><br>  vs.<br><br>NEVADA COUNTY, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-09-1224-CMK-P<br><br><br><br>ORDER |

Plaintiff, a Nevada state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

On May 4, 2010, the undersigned issued an order to show cause requiring Plaintiff to show cause why Judge C. Alders Holmer should not be dismissed from this action on the basis that judges are entitled to absolute immunity for any judicial action. The court stated:

> Judges, however, are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v.

1

1  Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman,
2  435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  This immunity extends to the actions of court
3  personnel when they act as "an integral part of the judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385,
4  1390 (9th Cir. 1987).

5        Plaintiff has responded to that order, and filed a motion for Judge Holmer to be

6 included in this action.  Plaintiff's claims against Judge Holmer stem from Judge Holmer's

7 issuance of felony warrants and setting a bail amount.  Plaintiff claims these actions were done

8 maliciously and without jurisdiction as the statute of limitations had already run on the charges

9 against him.

10        Plaintiff has been informed that the actions he claims are judicial in nature for

11 which Judge Holmer is entitled to absolute immunity.  This is true even if the judge acted

12 maliciously or corruptly.  Plaintiff's argument that the actions were done in the absence of

13 jurisdiction is unavailing.  Even if the alleged charges for which the warrants were issued were

14 barred by the statute of limitations, the judge did not act in the complete absence of jurisdiction.

15 At best, Judge Holmer acted in excess of his jurisdiction, to which absolute immunity is still

16 applicable.  See Mireles v. Waco, 502 U.S. 9, 12 (1991) (citing Bradley v. Fisher, 80 U.S. 335,

17 352 (1871)); see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (discussing actions in

18 excess of jurisdiction verses actions in clear absence of all jurisdiction) (citing Bradley, 80 U.S.

19 at 351-52 (illustrating that the conviction of a nonexistent crime would be a judicial action in

20 excess of jurisdiction, not in the clear absence of jurisdiction, and would be covered by

21 immunity)).

22        Therefore, the undersigned finds the claims against Judge Holmer were judicial in

23 nature, and Judge Holmer is entitled to absolute immunity from these charges.

24        Accordingly, IT IS HEREBY ORDERED that:

25        1.     Plaintiff's motion for the inclusion of Judge Holmer in this action (Doc.

26 11) is denied;

        2.       Defendant C. Alders Holmer is dismissed from this action as an immune defendant; and

        3.       This action will proceed against the remaining defendants.

DATED: June 8, 2010

                                            _____
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE

3