**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JASON ERIC SONNTAG,

Plaintiff,

vs.

NEVADA COUNTY, et al.,

Defendants.

______________________________/

No. CIV S-09-1224-CMK-P

ORDER

Plaintiff, a Nevada state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is Defendants Fergusen, Holmes, and Newell's motion to dismiss (Doc. 29). The court has also issued an order to show cause why defendant Hibaugh should not be dismissed for failure to effect timely service, to which plaintiff filed a motion to stay (Doc. 37) in response.

## I. BACKGROUND

This action proceeds on plaintiff's amended complaint (Doc. 10). Plaintiff alleges the defendants falsified documents supporting an arrest warrant, thus subjecting him to false

imprisonment and malicious prosecution. He claims in his complaint that the charges arising from the falsified warrants have been dismissed.

**I. DISCUSSION**

Defendants bring this motion to dismiss based, *inter alia*, on the expiration of the statute of limitations, and plaintiff's failure to allege facts sufficient to state a claim for which relief can be granted based on Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff filed an opposition to the motion, and defendants filed a reply.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

**A. STATUTE OF LIMITATIONS**

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). State tolling statutes also apply to § 1983 actions. See Elliott v. City of Union City, 25 F.3d 800, 802 (citing Hardin v. Straub, 490 U.S. 536, 543-44 (1998)).

Before January 1, 2003, the statute of limitations for personal injury actions was one year. See Cal. Code Civ. Proc. § 340(3); see also Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott, 25 F.3d at 802, and applying the one-year limitation period specified in § 340(3)). The personal injury statute of limitation was extended by passage of California Code

of Civil Procedure § 335.1 to two years, effective January 1, 2003. See Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1). The extension of this statute of limitations does not apply retroactively to claims which were already barred under the one-year limitation period specified in § 340(3), plus any statutory tolling, as of the effective date of January 1, 2003. See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Douglas Aircraft v. Cranston, 58 Cal.2d 462 (1962)). However, the extended statute of limitations period provided for in § 335.1 is applicable to claims which are not yet barred. See Lamke v. Sunstate Equip. Co., LLC, 387 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2004) (citing Douglas, 58 Cal.2d at 465).

At the time Elliott was decided – 1994 – California Code of Civil Procedure § 352(a)(3) provided tolling of the statute of limitations when the plaintiff is "[i]mprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life."[1] That tolling, however, only applies if the disability of incarceration existed at the time the claim accrued. See Elliott, 25 F.3d at 802 (citing Cal. Code Civ. Proc. § 357). Pre-conviction incarceration qualifies. See id. By the time Fink was decided – 1999 – the California tolling provision for the disability of incarceration had been amended. Specifically, California Code of Civil Procedure § 352.1, which became effective January 1, 1995, provides prisoners with only two years of tolling. See Fink, 192 F.3d at 914. Prior to the effective date of § 352.1, prisoners enjoyed tolling for the entire time of sentences less than life. See id. The Ninth Circuit in Fink concluded that § 352.1 applies retroactively. See id. at 915. Thus, for § 1983 claims which accrued before January 1, 1995, the running of the statute of limitations is tolled for two years, or until January 1, 1997, whichever is later. See Fink, 192 F.3d at 916.

---

[1] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing Grasso v. McDonough Power Equipment, Inc., 70 Cal. Rptr. 458, 460-61 (Cal. Ct. App. 1968) (holding that a prisoner serving a life sentence is entitled to the benefit of tolling)), Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998). Thus, the length of the sentence is irrelevant.

The applicable statute of limitations is further tolled while a prisoner completes the exhaustion process mandated by the Prison Litigation Reform Act ("PLRA"). See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005). In Brown, the Ninth Circuit observed that "a prisoner may *not* proceed to federal court while exhausting administrative remedies," and that "awaiting the completion of a staff misconduct investigation could, absent some adjustment, endanger the prisoner's ability to file his court complaint within the limitations period." Id. at 942. The court added:

> We also note that, again like all the other circuits that have considered the question, "we refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances."

Id. at 943 n.18 (quoting Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002), Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002), Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), and Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (per curiam)).

Here, defendants argue the applicable statute of limitations on the claims raised in plaintiff's complaint is two years. They contend that the complaint was filed on August 4, 2008, and was filed almost three years after the felony complaint, the basis of plaintiff's claims, was filed against plaintiff in 2005. However, while it is unclear to the court whether plaintiff was incarcerated during the entire relevant time, thus whether he would be entitled to the tolling discussed above, the defendants' are mistaken as to the proper filing date of plaintiff's original complaint. As plaintiff argues, his complaint was originally filed in the District of Nevada on July 12, 2007. (See Doc. 1). In the order issued by the District Court of Nevada, it is indicated that plaintiff was granted leave to proceed in forma pauperis on August 4, 2008, which is perhaps where defendants obtained the incorrect date. There was then some delay in transferring the case to this court, which occurred in 2009. Therefore, even if a two-year statute of limitations is applicable, and plaintiff is not entitled to any tolling, it does not appear that the statute of limitations had run prior to plaintiff's filing his original complaint no July 12, 2007. Thus, the

motion to dismiss on the basis of the expiration of the statute of limitations is denied.

**B. FAILURE TO STATE A CLAIM**

Here, defendants argue that plaintiff's complaint is insufficient in that he is challenging the actions of the defendants related to an arrest and conviction which has not been invalidated. Plaintiff fails to address this issue in his opposition. Instead, plaintiff argues the merits of his case, that the arrest and conviction were based on false claims, and that his name had legally been changed prior to the charges being filed.

When a state prisoner challenges the legality of his custody or the invalidity of a conviction, and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and

not to any particular parole determination). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, plaintiff does not seek a determination that he is entitled to an earlier or immediate release related to his current incarceration. Rather, he seeks a determination that his prior conviction was invalid as a matter of law, and damages arising therefrom. The result of such a determination would necessarily imply the invalidity of the prior conviction. The court questioned plaintiff about his conviction status, assuming the conviction he is challenging resulted in his current status of incarceration. He informed the court that he was not currently incarcerated as a result of the conviction he is challenging in this case, stating the complaint was dismissed by the court. However, based on the information now before the court, it is clear that the conviction that plaintiff is challenging in this case was not dismissed, and has not been previously invalidated on appeal, by habeas petition, or through some similar proceeding.[2] Rather, based on the probation order provided by defendants, it appears that plaintiff was convicted of state charges, and was sentenced to three years suspended conditional probation. Plaintiff fails to address this, leaving before the court information that, contrary to his statement in the complaint that the charges were dismissed, he was in fact convicted of the charges in August 2007. Thus, the proper avenue for plaintiff to challenge the validity of his prior

---

[2] Defendants' request for judicial notice is granted. The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

conviction is through a habeas corpus, or similar, proceeding. The motion to dismiss for plaintiff's failure to state a claim will be granted.

**C. FAILURE TO SERVE**

Finally, the court issued plaintiff an order to show cause why defendant Hibaugh should not be dismissed for failure to effect timely service. In response, plaintiff filed a request to stay these proceedings due to his current health. However, based on the discussion above, it is clear that plaintiff cannot proceed with this action against defendant Hibaugh any more than he can against any of the other defendants. Therefore, defendant Hibaugh will be dismissed along with the rest of the defendants. There is no basis to allow a stay of this action.

**III. CONCLUSION**

The court finds plaintiff's claims to be barred by Heck v. Humphrey, 512 U.S. 477 (1994), to the extent plaintiff's underlying conviction has not been invalidated.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. 29) is granted;
2. Plaintiff's motion to stay (Doc. 37) is denied;
3. This action is dismissed, without prejudice, for failure to state a claim; and
4. The Clerk of the Court is directed to enter judgment and close this case.

DATED: September 2, 2011

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE